UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| ROBERT MURRAY, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | No. 4:18-cv-00202-JM |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| | ) | FINAL JUDGMENT AND ORDER OF |
| vs. | ) ) | DISMISSAL WITH PREJUDICE |
| EARTHLINK HOLDINGS CORP., et al. | ) ) | |
| Defendants. | ) ) ) | |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"), dated October 16, 2024, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated September 4, 2024 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, the Court having reviewed and considered the Stipulation and all other papers filed in connection with the Settlement and the Action and the proceedings held herein, having conducted the Settlement Hearing on February 6, 2025, having considered all oral and written comments received regarding the Settlement, including any objections thereto, and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2.      This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all Settling Parties, including each of the Settlement Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies, solely for purposes of effectuating the Settlement, a Settlement Class defined as: (i) all Persons or entities who acquired Windstream common stock in exchange for their shares of EarthLink in connection with the close of the Merger between EarthLink and Windstream on or about February 27, 2017, and were damaged thereby; (ii) all Persons or entities who held EarthLink common stock as of January 23, 2017, the record date for EarthLink stockholders in the Merger, and acquired Windstream common stock in exchange for their shares of EarthLink in connection with the close

of the Merger on or about February 27, 2017, and were damaged thereby; and (iii) all Persons or entities who purchased or otherwise acquired Windstream common stock pursuant and/or traceable to the Offering Documents, and were damaged thereby. Excluded from the Settlement Class are Defendants and their immediate families, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded party. No Persons or entities have requested exclusion from the Settlement Class.

4.      Solely for purposes of the Settlement of this Action, the Court further affirms its determinations in the Preliminary Approval Order that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Lead Plaintiff's claims are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Plaintiff's Counsel have and will fairly and adequately represent and protect the interests of Settlement Class Members; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action, considering: (i) the interests of the Settlement Class Members individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects, including, without limitation, the amount of the Settlement; the releases provided for therein, including the release of

the Released Plaintiffs' Claims against the Released Defendant Parties; and the dismissal with prejudice of the claims asserted against Defendants in the Action.  The Court finds that:

(a)    the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate to the Settlement Class;

(b)    there was no collusion in connection with the Stipulation;

(c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)    the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

6.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions of this Judgment. The Action and all claims contained therein are dismissed with prejudice as to Lead Plaintiff and the other Settlement Class Members, and as against each and all of the Released Defendant Parties. The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Lead Plaintiff, and the Settlement Class Members.  The Settling Parties are to bear their own costs except as otherwise expressly provided in the Stipulation.

7.    No Person shall have any claim against Lead Plaintiff, the Settlement Class, Plaintiff's Counsel, Released Defendant Parties, Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

8.    Upon the Effective Date, and without further order of the Court or action by anyone:

(a)    Each of the Released Plaintiff Parties, including Lead Plaintiff and each of the Settlement Class Members, (i) shall be deemed to have, and by operation of law and this Judgment shall have, fully, finally, and forever compromised, settled, released, relinquished,

waived, discharged, and dismissed against each and every one of the Released Defendant Parties (whether or not such Released Plaintiff Party executes and delivers the Proof of Claim or shares in the Net Settlement Fund) any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims), and (ii) shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, assisting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative or other forum, foreign or domestic, asserting the Released Plaintiffs' Claims (including without limitation, Unknown Claims) against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Party executes and delivers the Proof of Claim or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

(b)    Defendants and each and every Released Defendant Party (i) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, relinquished, waived, discharged, and dismissed each and every one of the Released Plaintiff Parties, including Plaintiff's Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims), and (ii) shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, assisting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative or other forum, foreign or domestic, asserting the Released Defendants' Claims (including without limitation, Unknown Claims) against any and all of the Released Plaintiff Parties, including Plaintiff's Counsel.  Claims to enforce the terms of the Stipulation are not released.

9.    Pursuant to the PSLRA and common law, this Judgment bars all future claims and claims by any individual or entity against any of the Released Defendant Parties, and by the Released Defendant Parties against any individual or entity, for (a) contribution or indemnity (or any other claim or claims, however denominated on whatsoever theory) arising out of or related

to the claims or allegations asserted by Lead Plaintiff in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that Person's actual or threatened liability to Lead Plaintiff and/or Settlement Class Members arising out of or related to the claims or allegations asserted by Lead Plaintiff in the Action. Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any individual or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Members for common damages. Nothing in this Judgment shall release any claims that Defendants may have against their own respective liability insurance carriers. Nothing in this Judgment shall be construed to impair, negate, diminish, or adversely affect any rights of Defendants or their successors or assigns under or with respect to any insurance policies, including, but without limitation, any rights to seek to recover or to recover insurance proceeds or payments under any insurance policies with respect to amounts paid pursuant to the Stipulation or incurred in connection with the Action, or any other actual or alleged loss or liability.

10.    The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances, including notice to individual Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided hereunder), of Lead Counsel's Fee and Expense Application, of their right to object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, of their right to exclude themselves from the Settlement Class, and of their right to

appear at the Settlement Hearing; (d) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, as amended, and all other applicable laws and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all Settlement Class Members are bound by this Judgment.

11. Any Plan of Allocation submitted by Plaintiff's Counsel or any order entered regarding any Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separately from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Judgment in this Action.

12. Neither the Stipulation (whether or not consummated), including the Exhibits attached thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith), nor this Judgment:

(a) shall be (i) offered or used against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or

admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties, or (ii) in any way referred to for any other reason as against any of the Released Defendant Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)        shall be (i) offered or used against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable from Defendants under the Second Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or (ii) in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)        shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial against Defendants.

Provided, however, that the Released Parties and their respective counsel may refer to the Settlement and/or the Judgment to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

13.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (a) the Settling Parties, including the Settlement Class

Members, for purposes of the administration, interpretation, implementation, and enforcement of the Settlement set forth in the Stipulation and matters related to or arising under the Settlement; (b) payment of the Settlement Amount by Defendants in accordance with the Stipulation; (c) any award or distribution of the Net Settlement Fund, including interest earned thereon; (d) the disposition of the Settlement Fund; (e) the Plan of Allocation; and (f) the Fee and Expense Application.

14.    The Court finds that during the course of the Action, Lead Plaintiff, Plaintiff's Counsel, Defendants, and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15.    In the event that the Settlement is terminated in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment, including the Court's certification of the Settlement Class, shall (i) be rendered null and void to the extent provided by and in accordance with the Stipulation, (ii) be vacated, and (iii) be without prejudice to the rights of the Settling Parties.  In such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.  In that event, the Settling Parties shall revert to their respective positions in the Action as of May 6, 2024.

16.    The Released Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

17.    Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any of its exhibits to effectuate the Settlement that (a) are not materially inconsistent with this Judgment, and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

Without further order of the Court, the Released Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     There is no just reason to delay the entry of this Judgment as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Accordingly, the Court directs immediate entry of this Judgment by the Clerk of the Court.

19.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED this 6th day of February, 2025.


_____
THE HONORABLE JAMES M. MOODY JR.
UNITED STATES DISTRICT JUDGE